ATTEST: A TRUE COPY
CERTIFIED THIS

Date: 10/19/2021

KEVIN P. WEIMER, Clerk

By: s/ D. Barfield
    Deputy Clerk

Case 2:21-cr-00043-LGW-BWC   Document 9   Filed 10/19/21   Page 1 of 25

CLOSED

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CRIMINAL DOCKET FOR CASE #: 1:21−mj−00979−RGV−1

Case title: USA v. Knight

Other court case number: 2:21CR0043−001 USDC SDGA

Date Filed: 10/15/2021

Date Terminated: 10/15/2021

Assigned to: Magistrate Judge
Russell G. Vineyard

### Defendant (1)

**Mack Devon Knight**
*TERMINATED: 10/15/2021*

represented by **Joseph Austin**
Federal Defender Program, Inc.
101 Marietta Street, N.W.
Suite 1500
Atlanta, GA 30303
404−688−7530
Fax: 404−688−0768
Email: joe_austin@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

### Pending Counts

None

### Highest Offense Level (Opening)

None

### Terminated Counts

None

### Highest Offense Level
### (Terminated)

None

### Complaints

18:1343 and 2

### Disposition

### Disposition

### Disposition

### Plaintiff

**USA**                                               represented by

1

**Alana R. Black**
Office of the United States
Attorney−ATL600
Northern District of Georgia
600 United States Courthouse
75 Ted Turner Dr., S.W.
Atlanta, GA 30303
404−581−6025
Email: Alana.Black@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/15/2021 | | | Arrest Rule 5 of Mack Devon Knight (dmb) (Entered: 10/19/2021) |
| 10/15/2021 | 1 | | Minute Entry for proceedings held before Magistrate Judge Russell G. Vineyard: Initial Appearance in Rule 5(c)(3) Proceedings and Detention Hearing as to Mack Devon Knight held on 10/15/2021. Defendant waives Identity Hearing. Waiver filed. as to Mack Devon Knight. Bond set as to Mack Devon Knight (1) $10,000. (Attachments: # 1 Indictment, # 2 Warrant) (Tape #FTR) (dmb) (Entered: 10/19/2021) |
| 10/15/2021 | 2 | | WAIVER of Rule 5 Hearings by Mack Devon Knight (dmb) (Entered: 10/19/2021) |
| 10/15/2021 | 3 | | CJA 23 Financial Affidavit by Mack Devon Knight (dmb) (Entered: 10/19/2021) |
| 10/15/2021 | 4 | | ORDER Setting Conditions of Release as to Mack Devon Knight. Signed by Magistrate Judge Russell G. Vineyard on 10/15/2021. (dmb) (Entered: 10/19/2021) |
| 10/15/2021 | 5 | | Appearance Bond on Rule 5(c)(3) Entered as to Mack Devon Knight in amount of $ $10,000. (dmb) (Entered: 10/19/2021) |
| 10/15/2021 | 6 | | ORDER Pursuant to the Due Process Protections Act as to Mack Devon Knight Signed by Magistrate Judge Russell G. Vineyard on 10/15/2021. (dmb) (Entered: 10/19/2021) |
| 10/15/2021 | | | Magistrate Case Closed. Defendant Mack Devon Knight terminated. (dmb) (Entered: 10/19/2021) |

**MAGISTRATE'S CRIMINAL MINUTES - REMOVALS (Rule 5 & 5.1)**

FILED IN OPEN COURT

DATE: 10/15/2021 @ 4:09pm

TAPE: FTR

TIME IN COURT: 10 MIN

MAGISTRATE JUDGE    RUSSELL G. VINEYARD

COURTROOM DEPUTY CLERK:    A. ZARKOWSKY

CASE NUMBER: 1:21mj979

DEFENDANT'S NAME: Mack Devon Knight

AUSA: Alana Black

DEFENDANT'S ATTY: Joe Austin

USPO / PTR: Ty Ransom

( ) Retained    ( ) CJA    (✓) FDP    ( ) Waived

✓ ARREST DATE 10/15/2021

✓ Initial appearance hearing held.

✓ Defendant informed of rights.

_____ Interpreter sworn: _____

**COUNSEL**

✓ ORDER appointing Federal Defender as counsel for defendant.

_____ ORDER appointing _____ as counsel for defendant.

_____ ORDER: defendant to pay attorney's fees as follows: _____

**IDENTITY / PRELIMINARY HEARING**

✓ Defendant WAIVES identity hearing.    ✓ WAIVER FILED

_____ Identity hearing HELD.    _____ Def is named def. in indictment/complaint; held for removal to other district.

_____ Defendant WAIVES preliminary hearing in this district only.    _____ WAIVER FILED

_____ Preliminary hearing HELD.    _____ Probable cause found; def. held to District Court for removal to other district

_____ Commitment issued. Detention hearing to be held in charging district

**BOND/PRETRIAL DETENTION HEARING**

_____ Due Process Protection Act Warning Given to Government's Counsel. Order on page 2

_____ Government oral motion for detention filed .    _____ @ _____

_____ Pretrial hearing set for _____ @ _____    ( )    In charging district.)

✓ Bond/Pretrial detention hearing HELD

_____ Government motion for detention  ( ) GRANTED    ( ) DENIED

_____ Pretrial detention ordered.    _____ Written order to follow.

✓ BOND set at    ✓ NON-    _____ SURETY

_____ $10,000    _____ SURETY

✓ _____ cash    _____ property    _____ corporate surety ONLY

✓ SPECIAL CONDITIONS: _____

Standard conditions

✓ Defendant released.

Bond not executed.    Defendant to remain in, Marshal's

_____ custody.

_____ Motion  ( _____ verbal)    to reduce/revoke bond filed.

_____ Motion to reduce/revoke bond           _____ GRANTED           _____ DENIED


ORDER:

Pursuant to the Due Process Protections Act, *see* Fed. R. Crim. P. 5(f), the government is directed to adhere to the disclosure obligations set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and to provide all materials and information that are arguably favorable to the defendant in compliance with its obligations under *Brady*; *Giglio v. United States*, 405 U.S. 150 (1972); and their progeny. Exculpatory material as defined in *Brady* and *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), shall be provided sufficiently in advance of trial to allow a defendant to use it effectively, and exculpatory information is not limited to information that would constitute admissible evidence.

The failure of the government to comply with its *Brady* obligations in a timely manner may result in serious consequences, including, but not limited to, the suppression or exclusion of evidence, the dismissal of some or all counts, adverse jury instructions, contempt proceedings, or other remedies that are just under the circumstances.

**WITNESSES:**

_____

_____

_____

_____

_____

_____

_____


**EXHIBITS:**

_____

_____

_____

_____

_____

_____


Original Exhibits _____ RETAINED by the Court _____ RETURNED to counsel

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | INDICTMENT NO. |
| | ) | |
| v. | ) | 18 U.S.C. § 1343    **CR 22   0043** |
| | ) | Wire Fraud |
| MACK DEVON KNIGHT | ) | |
| | ) | 18 U.S.C. § 1001(a)(3) |
| | ) | False Document |
| | ) | |
| | ) | 18 U.S.C. § 1014 |
| | ) | False Statement on Loan |
| | ) | Application |
| | ) | |
| | ) | 18 U.S.C. § 1957 |
| | ) | Monetary Transaction of |
| | ) | Criminally Derived Property |

## THE GRAND JURY CHARGES THAT:

At times relevant to this Indictment:

### Background

1.    The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or about March 2020 designed to provide emergency financial assistance to the millions who are suffering the economic effects caused by the COVID-19 pandemic.

2.    Among other relief efforts, the United States sought to provide financial support to eligible businesses that could be used to offset certain business expenses.

3.    Defendant **MACK DEVON KNIGHT** fraudulently sought and received over one hundred thousand dollars in relief payments by making false and fraudulent representations to the Small Business Administration ("SBA").

### The Defendant and His Businesses

4.  **KNIGHT** was an individual residing in Camden County, Georgia, in the Brunswick Division of the Southern District of Georgia. **KNIGHT** held himself out as a pastor, mortician, restaurateur, and tax preparer.

5.  "Knight's Tax Services, Inc." was a domestic profit corporation that was registered with the State of Georgia beginning on or around February 6, 2021. "Knight's Tax Services, Inc." was registered as having a principal office address in Camden County, Georgia, in the Brunswick Division of the Southern District of Georgia. **KNIGHT** was the corporation's registered agent.

6.  "Daddy Earl's Kitchen, Inc." was a domestic profit corporation that was registered with the State of Georgia beginning on or around March 9, 2021. "Daddy Earl's Kitchen, Inc." was registered as having a principal office address in Camden County, Georgia, in the Brunswick Division of the Southern District of Georgia. **KNIGHT** was the corporation's registered agent.

### The Coronavirus Aid, Relief, and Economic Security Act

7.  The SBA was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The SBA was headquartered in Washington, DC and maintained its computer servers outside of the State of Georgia. The SBA's mission was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

8.  As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans have government-backed

2

guarantees. In addition, the SBA provided loans that came directly from the U.S. Government.

9.    One source of relief provided by the CARES Act was the authorization for the SBA to provide Economic Injury Disaster Loans ("EIDL") to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic.

10.    In order to obtain an EIDL, a qualifying business had to submit an online application to the SBA and provide information about its operations, such as the number of employees, gross revenues for the twelve-month period preceding the disaster, and the cost of goods the business sold in the twelve-month period preceding the disaster. In the case of EIDLs, the twelve-month period was that preceding January 31, 2020. The applicant also had to certify that all the information in its application was true and correct to the best of the applicant's knowledge.

11.    EIDL applications were submitted directly to the SBA online at https://covid19relief.sba.gov/#/ and processed by the agency with support from a government contractor, Rapid Finance. The amount of each loan was determined based, in part, on the information provided by the application about employment, revenue, and cost of goods, as described above. Any funds issued under an EIDL were issued directly by the SBA.

12.    EIDL funds could be used for payroll expenses, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments.

3

## COUNTS ONE AND TWO
*Wire Fraud*
## 18 U.S.C. §§ 1343 and 2

13.  ·The Grand Jury re-alleges and incorporates by reference the allegations in paragraphs 1 through 12 of this Indictment.

14.  Beginning on or about February 2021 and continuing until on or about March 2021, in the Southern District of Georgia, and elsewhere, the Defendant.

## MACK DEVON KNIGHT

did knowingly devise and intend to devise a scheme and artifice to defraud the United States government, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises.

### The Object of the Scheme

15.  The object of the scheme described in Paragraph 14 for **KNIGHT** was to unjustly enrich himself by obtaining EIDL proceeds under false and fraudulent pretenses, including by making false statements about his businesses' gross revenues for the twelve-month period prior to the date of the disaster.

### Manner and Means

16.  It was part of the scheme that, on or about the dates set forth below, **KNIGHT** submitted, or caused to be submitted, multiple electronic applications for EIDLs from the SBA at https://covid19relief.sba.gov/#/:

       a. On or about February 18, 2021, **KNIGHT** submitted, or caused to be submitted, an electronic application for an EIDL from the SBA ("EIDL Application -3546") on behalf of Knight's Tax Services. In connection with EIDL Application -3546, **KNIGHT** falsely affirmed that the

4

business had $387,000 in gross revenues in the twelve months prior to January 31, 2020.

b. On or about March 12, 2021, **KNIGHT** submitted, or caused to be submitted, an electronic application for an EIDL from the SBA ("EIDL Application -3480") on behalf of Daddy Earl's Kitchen. In connection with EIDL Application -3480, **KNIGHT** falsely affirmed that the business had $287,000 in gross revenues in the twelve months prior to January 31, 2020.

17. On or about March 8, 2021, in reliance on **KNIGHT's** false representations in EIDL Application -3546 on behalf of Knight's Tax Services, the SBA deposited $149,900 into a bank account in Knight's Tax Services' name at "Bank 1" in the form of an EIDL.

## The Wirings

18. On or about the dates set forth below, in Camden County, in the Southern District of Georgia, **KNIGHT**, for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | APPROXIMATE DATE | DESCRIPTION |
|---|---|---|
| 1 | February 18, 2021 | Online submission of EIDL Application -3546 on behalf of Knight's Tax Services |
| 2 | March 12, 2021 | Online submission of EIDL Application -3480 on behalf of Daddy Earl's Kitchen |

All in violation of Title 18, United States Code, Sections 1343 and 2.

5

## COUNT THREE
*False Document*
18 U.S.C. §§ 1001(a)(3) and 2

19.     The Grand Jury re-alleges and incorporates by reference the allegations in paragraphs 1 through 12 of this Indictment.

20.     On or about March 1, 2021, in the Southern District of Georgia, the Defendant

### MACK DEVON KNIGHT

did willfully and knowingly make and use a false writing and document, knowing the same to contain a materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States, by transmitting to the SBA a bank document that had been altered to reflect that Knight's Tax Services had opened its account with "Bank 1" on February 2, 2019, when in fact, as **KNIGHT** then and there well knew, the transmitted bank document had been altered and that Knight's Tax Services' account with Bank 1 was not opened until 2021.

All in violation of Title 18, United States Code, Section 1001(a)(3) and 2.

6

## COUNT FOUR
### *False Statement on Loan Application*
### 18 U.S.C. §§ 1014 and 2

21.     The Grand Jury re-alleges and incorporates by reference the allegations in paragraphs 1 through 12 of this Indictment.

22.     On or about March 2, 2021, in the Southern District of Georgia, the Defendant

### MACK DEVON KNIGHT

did knowingly make a false statement for the purpose of influencing the action of the SBA, in connection with an EIDL application and loan in that **KNIGHT** entered into a loan agreement with the SBA on behalf of Knight's Tax Services in which **KNIGHT** certified that Knight's Tax Services' EIDL application and supplementary submissions were true, correct, and complete, when in fact, as **KNIGHT** then and there well knew, Knight's Tax Services' EIDL application reported a false gross revenue figure and that **KNIGHT** had submitted a falsified bank document as a supplementary submission to the SBA.

All in violation of Title 18, United States Code, Sections 1014 and 2.

7

## COUNT FIVE
### *Monetary Transaction of Criminally Derived Property*
### 18 U.S.C. §§ 1957 and 2

23.    The Grand Jury re-alleges and incorporates by reference the allegations in paragraphs 1 through 12 of this Indictment.

24.    On or about March 18, 2021, in the Southern District of Georgia, and elsewhere, the Defendant

## MACK DEVON KNIGHT

did knowingly engage and attempt to engage in a monetary transaction of wiring $46,425 from "Bank 1" to "Car Dealer 1" in exchange for a Mercedes Benz S-Class sedan, by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, to wit, the proceeds of making a false statement on a loan application, in violation of Title 18, United States Code, Section 1014.

All in violation of Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE ALLEGATION

The allegations contained in Counts One through Five this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a) and Title 28, United States Code, Section 2461(c). Upon conviction of any of the Title 18 offenses set forth in Counts One and Two of this Indictment, the Defendant **MACK DEVON KNIGHT** shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to the charged offense. Additionally, upon conviction of any of the title 18 offenses set forth in Counts Three through Five of this Indictment, the Defendant MACK DEVON KNIGHT shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a), real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense(s).

If any of the property described above, as a result of any act or omission of the Defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

9

A True Bill.

David H. Estes
Acting United States Attorney

Jonathan A. Porter
Assistant United States Attorney
*Lead Counsel

E. Greg Gilluly, Jr.
Assistant United States Attorney
Deputy Chief, Criminal Division

Patrick J. Schwedler
Assistant United States Attorney
*Co-lead Counsel

10



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) INDICTMENT NO. |
| | ) |
| v. | ) 18 U.S.C. § 1343 |
| | ) Wire Fraud |
| | ) |
| MACK DEVON KNIGHT | ) 18 U.S.C. § 1001(a)(3) |
| | ) False Document |
| | ) |
| | ) 18 U.S.C. § 1014 |
| | ) False Statement on Loan |
| | ) Application |
| | ) |
| | ) 18 U.S.C. § 1957 |
| | ) Monetary Transaction of |
| | ) Criminally Derived Property |



## PENALTY CERTIFICATION

The undersigned Assistant United States Attorney hereby certifies that the

maximum penalties for the offenses charged in the Indictment are as follows:

**Counts 1&2:**      **Wire Fraud**
18 U.S.C. § 1343
- Not more than twenty (20) years of imprisonment
- Not more than a $500,000 fine
- Not more than three (3) years of supervised release
- $100 special assessment

**Count 3:**      **False Document**
18 U.S.C. § 1001(a)(3)
- Not more than five (5) years of imprisonment
- Not more than a $250,000 fine
- Not more than three (3) years of supervised release
- $100 special assessment

**Count 4:**        **False Statement on a Loan Application**
18 U.S.C. § 1014
- Not more than thirty (30) years of imprisonment
- Not more than a $1,000,000 fine
- Not more than five (5) years of supervised release
- $100 special assessment

**Count 5:**        **Monetary Transaction of Criminally Derived Property**
18 U.S.C. § 1957
- Not more than ten (10) years of imprisonment
- Not more than a $250,000 fine, or not more than twice the amount of the criminally derived property involved in the transaction
- Not more than three (3) years of supervised release
- $100 special assessment

Respectfully submitted,

DAVID H. ESTES
ACTING UNITED STATES ATTORNEY

/s/ Jonathan A. Porter
Jonathan A. Porter
Assistant United States Attorney
Georgia Bar Number 725457

2

16

AO 466A (Rev. 10/03) Waiver of Rule 5 & 5.1 Hearings

# UNITED STATES DISTRICT COURT

_FILED IN OPEN COURT_
_U.S.D.C. - Atlanta_

OCT 15 2021

KEVIN P. WEIMER, Clerk
_Deputy Clerk_

NORTHERN _____ DISTRICT OF _____ GEORGIA

UNITED STATES OF AMERICA

V.

MACK DEVON KNIGHT

Defendant

### WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint/Indictment)

CASE NUMBER: 1:21-MJ-979

CHARGING DISTRICTS
CASE NUMBER: 2:21-CR-043

I understand that charges are pending in the _____ SOUTHRN _____ District of _____ GEORGIA

alleging violation of _____ 18 U.S.C. §1343 _____ and that I have been arrested in this district and
(Title and Section)

taken before a judge, who has informed me of the charge(s) and my rights to:

**(1)** **retain counsel or request the assignment of counsel if I am unable to retain counsel;**

**(2) an identity hearing to determine whether I am the person named in the charges;**

**(3)** **a preliminary hearing (unless an indictment has been returned or information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held in this district or the district of prosecution; and**

**(4)** **Request transfer of the proceedings to this district under Rule 20, Fed. R. Crim. P., in order to plead guilty.**

**I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):**

(X) **identity hearing**

( ) **preliminary hearing**

**identity hearing but request a preliminary hearing be held in the prosecuting district and, therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.**

_Defendant_

10/15/2021
_Date_

_Defense Counsel_

AO 199A (Rev. 12/11)  Order Setting Conditions of Release

Page 1 of ____4____ Pages

# UNITED STATES DISTRICT COURT

*for the*

NORTHERN DISTRICT OF GEORGIA

|  |  |  |
|---|---|---|
| ***UNITED STATES OF AMERICA*** | ) | |
| *v.* | ) | |
| | ) | **Case No.: 1:21-MJ-979** |
| MACK DEVON KNIGHT | ) | |
| *Defendant* | ) | |

FILED IN OPEN COURT
U.S.D.C. - Atlanta

OCT 15 2021

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. §14135a.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear: _____

Place

on _____

Date and Time

If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

AO 199B (Rev. 12/20)  Additional Conditions of Release                                                                    Page  2  of  4  Pages

## ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

    IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

(   ) (6)  The defendant is placed in the custody of:
           Person or organization _____
           Address *(only if above is an organization)* _____
           City and state _____  Tel. No. _____
who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

                                    Signed: _____    _____
                                                          *Custodian*                              *Date*

( X ) (7)  The defendant must:
    ( X ) (a)  submit to supervision by and report for supervision to the   U.S. Pretrial Services
               telephone number    404-215-1950   , no later than  TODAY                            .
    ( X ) (b)  continue, actively seek, or maintain employment.
    (   ) (c)  continue or start an education program.
    ( X ) (d)  surrender any passport to:    U. S. Probation Office
    ( X ) (e)  not obtain a passport or other international travel document.
    (   ) (f)  abide by the following restrictions on personal association, residence, or travel: _____
               _____
    (   ) (g)  avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution,
               including: _____
               _____
    (   ) (h)  get medical or psychiatric treatment: _____
    (   ) (i)  return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling,
               or the following purposes: _____
    (   ) (j)  maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers
               necessary.
    ( X ) (k)  not possess a firearm, destructive device, or other weapon.
    ( X ) (l)  not use alcohol (   ) at all ( X ) excessively.
    ( X ) (m)  not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed
               medical practitioner.
    (   ) (n)  submit to testing for a prohibited substance if required by the pretrial services office or supervising officer.  Testing may be used with
               random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of
               prohibited substance screening or testing.  The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy
               of prohibited substance screening or testing.
    (   ) (o)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or
               supervising officer.
    (   ) (p)  participate in one of the following location restriction programs and comply with its requirements as directed.
               (   ) (i)   **Curfew.** You are restricted to your residence every day (   ) from _____ to _____ , or (   ) as
                          directed by the pretrial services office or supervising officer; or
               (   ) (ii)  **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services;
                          medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other
                          activities approved in advance by the pretrial services office or supervising officer; or
               (   ) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and
                          court appearances or other activities specifically approved by the court; or
               (   ) (iv)  **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions.  However,
                          you must comply with the location or travel restrictions as imposed by the court.
                          **Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

## ADDITIONAL CONDITIONS OF RELEASE

(     ) (q) submit to the following location monitoring technology and comply with its requirements as directed:

           (     ) (i)      Location monitoring technology as directed by the pretrial services or supervising officer; or

           (     ) (ii)     Voice Recognition; or

           (     ) (iii)    Radio Frequency; or

           (     ) (iv)    GPS.

(     ) (r) pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

( X ) (s) report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( X ) (t)   Travel restricted to the Southern District of Georgia unless the supervising officer has approved travel in advance.

              *Travel to N.D. for education allowed.*

## ADDITIONAL CONDITIONS OF PRETRIAL RELEASE

### Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

While on release, if you commit a federal felony offense, the punishment is an additional prison term of not more than ten years; if you commit a federal misdemeanor offense, the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) any other sentence you receive.

It is a crime punishable by up to ten years of imprisonment and a $250,000 fine or both to: obstruct a criminal investigation; tamper with a witness, victim or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

230 North Gross Rd, Apt. 102
_____
Address

Kingsland, GA.          912-467-2181
_____
City and State          Telephone

### Directions to United States Marshal

( ✓ ) The defendant is ORDERED released after processing.

( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _____10/15/2021_____     _____
Signature of Judicial Officer

RUSSELL G. VINEYARD, U.S. MAGISTRATE JUDGE
Name and Title of Judicial Officer

DISTRIBUTION:    COURT     DEFENDANT     PRETRIAL SERVICE     U.S. ATTORNEY     U.S. MARSHAL

‘AO 98 (Rev. 12/11) Appearance Bond · · Page 1

# UNITED STATES DISTRICT COURT

### for the

### Northern District of Georgia

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| MACK DEVON KNIGHT | ) Case No.     1:21-MJ-979 |
| *Defendant* | ) |
| | ) |

*FILED IN OPEN COURT*
*U.S.D.C. - Atlanta*
**OCT 15 2021**
KEVIN P. WEIMER, Clerk
By: [signature] Deputy Clerk

## APPEARANCE BOND

### Defendant's Agreement

I,     MACK DEVON KNIGHT     *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

(  X  )     to appear for court proceedings;
(  X  )     if convicted, to surrender to serve a sentence that the court may impose; or
(  X  )     to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(   )   (1) This is a personal recognizance bond.

( X )   (2)   This is an unsecured bond of $   10,000.00         .

(   )   (3)   This is a secured bond of $_____, secured by:

    ( ) (a) $   _____ , in cash deposited with the court.

    ( ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value)*:

      _____ .

      If this bond is secured by real property, documents to protect the secured interest may be filed of record.

    (   ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

      _____
      _____
      _____ .

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

AO 98 (Rev. 12/11) Appearance Bond                                                                                Page 2

## Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

    (1)     all owners of the property securing this appearance bond are included on the bond;

    (2)     the property is not subject to claims, except as described above; and

    (3)     I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond. I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date:    10/15/2021                                                             *Defendant's signature*

*(1)  Surety/property owner – printed name*                       *(1)  Surety/property owner – signature and date*

*(1)  Surety/property owner's address*                             *(1)  Surety/property owner's city/state/zip*

*(2)  Surety/property owner – printed name*                       *(2)  Surety/property owner – signature and date*

*(2)  Surety/property owner's address*                             *(2)  Surety/property owner's city/state/zip*

*(3)  Surety/property owner – printed name*                       *(3)  Surety/property owner – signature and date*

*(3)  Surety/property owner's address*                             *(3)  Surety/property owner's city/state/zip*

*CLERK OF COURT*

*Date:* _____

                                     *Signature of Clerk or Deputy Clerk*

**APPROVED**

*Date:*  10/15/2021                                           *Signature, United States Magistrate Judge*

**MAGISTRATE'S CRIMINAL MINUTES - REMOVALS (Rule 5 & 5.1)**

FILED IN OPEN COURT

DATE: 10/15/2021 @ 4:09 pm

TAPE: FTR

TIME IN COURT: 10 MIN

| MAGISTRATE JUDGE | RUSSELL G. VINEYARD | COURTROOM DEPUTY CLERK: | A. ZARKOWSKY |

CASE NUMBER: 1:21mj979

DEFENDANT'S NAME: Mack Devron Knight

AUSA: Alana Black

DEFENDANT'S ATTY: Joe Austin

USPO / PTR: Ty Ransom

( ) Retained    ( ) CJA    (✓) FDP    ( ) Waived

✓ ARREST DATE 10/15/2021

✓ Initial appearance hearing held.

✓ Defendant informed of rights.

_____ Interpreter sworn: _____

**COUNSEL**

✓ ORDER appointing Federal Defender as counsel for defendant.

_____ ORDER appointing _____ as counsel for defendant.

_____ ORDER: defendant to pay attorney's fees as follows: _____

**IDENTITY / PRELIMINARY HEARING**

✓ Defendant WAIVES identity hearing.    ✓ WAIVER FILED

_____ Identity hearing HELD.    _____ Def is named def. in indictment/complaint; held for removal to other district.

_____ Defendant WAIVES preliminary hearing in this district only.    _____ WAIVER FILED

_____ Preliminary hearing HELD.    _____ Probable cause found; def. held to District Court for removal to other district

_____ Commitment issued. Detention hearing to be held in charging district

**BOND/PRETRIAL DETENTION HEARING**

Due Process Protection Act Warning Given to Government's Counsel. Order on page 2

_____

_____ Government oral motion for detention filed .    _____ @ _____

_____ Pretrial hearing set for _____ @ _____    ( ) In charging district.)

✓ Bond/Pretrial detention hearing HELD

_____ Government motion for detention  ( ) GRANTED    ( ) DENIED

_____ Pretrial detention ordered.    _____ Written order to follow.

✓ BOND set at    ✓ NON-    _____ SURETY

$10,000    _____ SURETY

_____ cash    _____ property    _____ corporate surety ONLY

✓ SPECIAL CONDITIONS: _____

Standard conditions

✓ Defendant released.

Bond not executed.   Defendant to remain in Marshal's

_____   custody.

_____   Motion   (_____   verbal)   to reduce/revoke bond filed.

_____   Motion to reduce/revoke bond   _____   GRANTED   _____   DENIED

ORDER:

Pursuant to the Due Process Protections Act, *see* Fed. R. Crim. P. 5(f), the government is directed to adhere to the disclosure obligations set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and to provide all materials and information that are arguably favorable to the defendant in compliance with its obligations under *Brady*; *Giglio v. United States*, 405 U.S. 150 (1972); and their progeny. Exculpatory material as defined in *Brady* and *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), shall be provided sufficiently in advance of trial to allow a defendant to use it effectively, and exculpatory information is not limited to information that would constitute admissible evidence.

The failure of the government to comply with its *Brady* obligations in a timely manner may result in serious consequences, including, but not limited to, the suppression or exclusion of evidence, the dismissal of some or all counts, adverse jury instructions, contempt proceedings, or other remedies that are just under the circumstances.

**WITNESSES:**

_____

_____

_____

_____

_____

_____

_____

**EXHIBITS:**

_____

_____

_____

_____

_____

_____

Original Exhibits   _____   RETAINED by the Court   _____   RETURNED to counsel