UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.           )  | CR: 221-043 |
| ) | |
| MACK DEVON KNIGHT ) | |

## PLEA AGREEMENT

Defendant Mack Devon Knight, represented by his counsel Scott G. Reddock, and the United States of America, represented by Assistant United States Attorneys Jonathan A. Porter and Patrick J. Schwedler, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. Guilty Plea

Defendant agrees to enter a plea of guilty to Counts One and Two of the Indictment, which charge a violation of 18 U.S.C. § 1343.

2. Elements and Factual Basis

The elements necessary to prove the offenses charged in Counts One and Two are that (1) the Defendant voluntarily and intentionally devised or participated in a scheme to defraud another out of money; (2) the false pretenses, representations, or promises were about a material fact; (3) the Defendant acted with the intent to defraud; and (4) the Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

Defendant agrees that he is, in fact, guilty of these offenses. He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements:

Beginning in or about February 2021 and continuing until in or about March 2021, in the Southern District of Georgia, and elsewhere, the Defendant Mack Devon Knight did knowingly devise and intend to devise a scheme and artifice to defraud the United States government, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises.

The object of the scheme for Knight was to unjustly enrich himself by obtaining EIDL proceeds under false and fraudulent pretenses, including by making false statements about his businesses' gross revenues for the twelve-month period prior to the date of the disaster.

It was part of the scheme that, on or about the dates set forth below, Knight submitted, or caused to be submitted, multiple electronic applications for EIDLs from the SBA at https://covid19relief.sba.gov/#/:

- On or about February 18, 2021, Knight submitted, or caused to be submitted, an electronic application for an EIDL from the SBA ("EIDL Application -3546") on behalf of Knight's Tax Services. In connection with EIDL Application -3546, Knight falsely affirmed that the business had $386,000 in gross revenues in the twelve months prior to January 31, 2020.

- On or about March 12, 2021, Knight submitted, or caused to be submitted, an electronic application for an EIDL from the SBA ("EIDL Application -3480") on behalf of Daddy Earl's Kitchen. In connection with EIDL

Application -3480, Knight falsely affirmed that the business had $287,000 in gross revenues in the twelve months prior to January 31, 2020.

In furtherance of the scheme, Knight uploaded documents that Knight knew to contain materially false, fictitious, and fraudulent statements with the intent to deceive the SBA, to wit,

- a bank document that had been altered to reflect that Knight's Tax Services had opened its account with "Bank 1" on February 2, 2019, when in fact, as Knight then and there well knew, the transmitted bank document had been altered and that Knight's Tax Services' account with Bank 1 was not opened until 2021;
- a tax document that falsely reflected business revenue and expenses of Daddy Earl's Kitchen for the year 2019, when in fact, as Knight then and there well knew, Daddy Earl's Kitchen had no business revenue in 2019 and was not established until 2021; and
- a schedule of liabilities that falsely reflected creditors of Daddy Earl's Kitchen such as claiming that it paid a food supply company $4,500 monthly, when in fact, as Knight then and there well knew, Daddy Earl's Kitchen had no relationship with the food supply company and did no business with the food supply company.

On or about March 8, 2021, in reliance on Knight's false representations in EIDL Application -3546 on behalf of Knight's Tax Services, the SBA deposited

$149,900 into a bank account in Knight's Tax Services' name at "Bank 1" in the form of an EIDL.

All in violation of Title 18, United States Code, Sections 1343.

3. Possible Sentence

Defendant's guilty plea will subject him to the following maximum possible sentence, for each of Counts One and Two: 20 years' imprisonment, 3 years' supervised release, a $500,000 fine, such restitution as may be ordered by the Court, and forfeiture of all forfeitable assets. The Court additionally must impose a $100 special assessment per count of conviction.

4. No Promised Sentence

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5. Court's Use of Sentencing Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18

U.S.C. § 3553(a), in determining the Defendant's sentence. The Sentencing Guidelines are based on <u>all</u> of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6. <u>Agreements Regarding Sentencing Guidelines</u>

   a. <u>Use of Information</u>

   Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range. Any incriminating information provided by the defendant during his cooperation will not be used in determining the applicable Guidelines range, pursuant to Section 1B1.8 of the Sentencing Guidelines.

   b. <u>Acceptance of Responsibility</u>

   If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of his intention to enter a guilty plea.

   c. <u>Amount of Loss</u>

   The government and Defendant agree to recommend to the U.S. Probation Office and the Court at sentencing that the amount of loss, for purposes of Section 2B1.1 of the Sentencing Guidelines, is more than $550,000 but not more than $1,500,000.

d.  <u>Sophisticated Means</u>

The government and Defendant agree to recommend to the U.S. Probation Office and the Court at sentencing that, for purposes of Section 2B1.1(b)(10) of the Sentencing Guidelines, the offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means.

e.  <u>Low End of Guidelines Range</u>

The government will recommend that Defendant be sentenced to the low end of the advisory Guidelines range determined by the Court at sentencing.

7.  <u>Dismissal of Other Counts</u>

At sentencing, the government will move to dismiss any other Counts of the Indictment that remain pending against Defendant.

8.  <u>Forfeiture</u>

a.  Defendant agrees to forfeit his interest in any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses to which he has agreed to plead guilty, and any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of that offense, specifically a 2016 Mercedes-Benz S-Class Sedan with VIN WDDUG8CB1GA206303 (collectively, the "Subject Property").

b.  Defendant states that he is the sole and rightful owner of the Subject Property, that, to the best of his knowledge, no other person or entity has any interest in the Subject Property, and that he has not transferred, conveyed, or encumbered his interest in the Subject Property. Defendant waives and abandons all right, title,

and interest in the Subject Property. Defendant agrees to take all steps requested by the government to facilitate transfer of title of the Subject Property to the government. Defendant further agrees not to file any claim, answer, or petition for remission or mitigation in any administrative or judicial proceeding pertaining to the Subject Property. If any such document has already been filed, Defendant hereby withdraws that filing.

c. Defendant agrees to hold the government and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. Defendant further agrees to waive the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

d. Defendant waives and abandons his interest in any other property that may have been seized in connection with this case. Additionally, Defendant waives any and all challenges on any grounds to the seizure, forfeiture, and disposal of any property seized in connection with this case. Defendant specifically agrees to waive any challenges arising under the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

9. Financial Obligations and Agreements

    a. Restitution

The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to

the specific counts to which Defendant is pleading guilty. Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

b.  <u>Special Assessment</u>

Defendant agrees to pay a special assessment in the amount of $200, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

c.  <u>Release of Appearance Bond</u>

Defendant authorizes the Clerk of the United States District Court to release the funds posted as security for an appearance bond in this case to be applied to satisfy any of the financial obligations including forfeiture imposed by judgment of the Court in this case.

d.  <u>Required Financial Disclosures</u>

By the date that Defendant enters a guilty plea, Defendant shall complete a financial disclosure form listing all his assets and financial interests, whether held directly or indirectly, solely or jointly, in his name or in the name of another. Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes

the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

    e.    <u>Financial Examination</u>

Defendant will submit to an examination under oath on the issue of his financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of Defendant's guilty plea.

    f.    <u>No Transfer of Assets</u>

Defendant certifies that he has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations or forfeiture created by this Agreement or that may be imposed upon him by the Court at sentencing. Defendant promises that he will make no such transfers in the future.

    g.    <u>Material Change in Circumstances</u>

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

    h.    <u>Enforcement</u>

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant understands and agrees that the financial obligations and forfeiture imposed by the

judgment of the Court in this case will be placed on the Treasury Offset Program so that any federal payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

10. <u>Waivers</u>

   a. <u>Waiver of Appeal</u>

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

   b. <u>Waiver of Collateral Attack</u>

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

   c. <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

d.   Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

11.   Defendant's Rights

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

12.   Satisfaction with Counsel

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

13. <u>Breach of Plea Agreement</u>

If Defendant fails to plead guilty, withdraws or attempts to withdraw his guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition, the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

14. <u>Entire Agreement</u>

This agreement contains the entire agreement between the government and Defendant.

_____  
Date

_____  
Date

_____  
Date

DAVID H. ESTES  
UNITED STATES ATTORNEY

_____  
Karl I. Knoche  
Chief, Criminal Division

_____  
Jonathan A. Porter  
Georgia Bar No. 725457  
Assistant United States Attorney

_____  
Patrick J. Schwedler  
Georgia Bar No. 812312  
Assistant United States Attorney

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

2-4-22
Date

_____
Mack Devon Knight, Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

2/28/22
Date

_____
Scott G. Reddock, Defendant's Attorney

14